**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 11 |
| A.M. PRECISION MACHINING, INC. | ) Case No. 16-39379 |
| | ) Honorable Judge Pamela S. Hollis |
| Debtor, | ) Hearing: February 2, 2017 |
| | ) |

**A.M. PRECISION MACHINING INC.'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 305 AND 1112 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2002, 9014 AND 1017 DISMISSING ITS CHAPTER 11 CASE**

NOW COMES A.M. Precision Machining Inc. ("A.M. Precision"), by and through its attorneys, Jeffrey Strange & Associates, and submits this motion pursuant to section 1112(b) and 305 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") and Rule 9014, 2002 and 1017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to dismiss AM Precision Machining Inc.'s. Chapter 11 case and granting such further relief as this Court deems appropriate. In support thereof, A.M. Precision states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. 1408 & 1409.

**BACKGROUND**

3. On December 14, 2016, A.M. Precision filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois.

4. At the time it filed the Debtor was trying to preserve its equipment and

machinery in the face of an imminent UCC sale.

## RELIEF REQUESTED

5. By this Motion, the Debtors request entry of an order dismissing the Debtor's case pursuant to 1112(b) of the Bankruptcy Code.

## BASIS FOR RELIEF

6. Section 1112(b) of the Bankruptcy Code Provides:

Except as provided in paragraph (2) of the subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under the chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, if the movant establishes cause.

7. The party moving to dismiss bears the burden to establish requisite cause for dismissal. *In re 15375 Mem'l Corp.*, 386 B.R. 548, 551 (Bankr. D. Del. 2008). Once this burden is met, dismissal or conversion is mandatory unless it can be shown that grounds to dismiss the case do not exist. *In re Dovetail, Inc Case No. 07-B-72820, WL 5644889 (Bankr. N.D. Ill. Dec, 2008.*

8. Dismissal of a chapter 11, case is a two-step process. *In re OptInRealBig.com, LLC, 345 B.R. 277, 282* (Bankr. Colo. 2006). First the court must determine if cause exists for dismissal of the chapter 11 case. Id. Next, the court must consider whether dismissal of the case is in the best interest of the creditors of the estate. *Id*.

9. In the present case, the Chapter 11 case was filed to preserve the status quo -- and stay a pending UCC sale -- while the Debtor sought to maximize value while preserving the equipment from the sale it needs to continue in business with. The lender had wanted to sell all the Debtor's equipment at one time. The Debtor wanted to keep a

small amount of its equipment vital to staying in business.   The lender has agreed to sell the equipment the Debtor can do without and then be paid any shortfall.  The UCC sale will go ahead after this case is dismissed.  Unsecured creditors will not benefit from the administration of this case as the equipment has second and third UCC filings.  *In re Costa Bonita Beach Resort, Inc., 513 B.R. 184, 201 (Bankr D.P.R 2014)* (dismissing case where unsecured creditors were unlikely to benefit from the administration of a chapter 7 estate).

10. Under 1112(b), dismissal must also be in the best interests of the Debtors' creditors and their respective bankruptcy estates.  *In re Superior Siding & Windows, Inc., 14 F.3d 240, 242 (4th Cir. 1994)*.

11. The UCC sale agreed to by the first priority UCC creditor should be sufficient to pay that creditor.  There will no funds or additional assets to pay unsecured creditors or to pay administrative claims. If the Debtor remains in Chapter 11 or any chapter it will only result in additional costs and fees that could not be paid.  Hence it is in the best interest of creditors that the Chapter 11 case be dismissed.

12. It should be noted that Hinsdale Bank and Trust's debt is fully secured outside the Debtor's estate by the buildings on which it has first mortgages that are owned by Stanley Kozlowski, the principal of the Debtor.

### REQUEST TO LIMIT NOTICE

13. Pursuant to Bankruptcy Rule 1017 and 2002(a)(4), twenty-one days' notice of motion to dismiss the Debtor's case must ordinarily be given to the debtor, trustee and all creditors, and indenture trustees.  However, Bankruptcy Rule 9006(c) state that "when an act is required or allowed to be done at or within a specified time by these rules or by a

notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."

14. In the present case given the foregoing, it is clear that immediate dismissal is in the best interest of the Debtor and its creditors. Thus it is appropriate for notice to be limited

WHEREFORE, the Debtor requests entry of an order dismissing the Debtor's chapter 11 case pursuant to section 1112(b) of the Bankruptcy Code.

Dated January 27, 2017

Respectfully Submitted

A.M. Precision Machining Inc.

By  */s/Jeffrey Strange*
Counsel for the Debtor in Possession

Jeffrey Strange
Jeffrey Strange & Associates
717 Ridge Road
Wilmette, Illinois 60091
tel: (847) 256-7377
fax: (847) 256-1681
ARDC # 3122923
jstrangelaw@aol.com